UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CITIZENS BANK | CIVIL ACTION NO. 14-cv-215 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| SUNIL A. TOLANI, ET AL | MAGISTRATE JUDGE MARK HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion for Default Judgment filed by Plaintiff, Citizens Bank, against Defendant, Sharanjit Dhillon ("Dhillon").[1] For the reasons given below, Citizens Bank's Motion For Default Judgment is **GRANTED**.

### I.  Factual and Procedural Background

On August 31, 2007, Shreveport Hospitality, Inc. entered into a Loan Agreement and a Universal Note and Security Agreement (collectively referred to herein as the "Loan") with Citizens Bank for a principal sum of $3,241,700.00.[2] On that same date, Dhillon executed a personal Guaranty in favor of Citizens Bank, in which she guaranteed the full and prompt payment and performance of Shreveport Hospitality, Inc.'s obligations to Citizens Bank. The interest rate applicable to the Loan is 2.00% above the "Prime Rate," which is defined in the Loan as the prime rate published in the Wall Street Journal,

---

[1] Record Document 31.

[2] Record Document 12-1, p. 5.

adjusted quarterly from August 31, 2007 (the date of the note).[3] The Loan provides that the interest is calculated on a 360/actual basis.[4]

On January 11, 2011, Citizens Bank, Shreveport Hospitality, Inc., and Prince Preferred Hotels Shreveport 2 ("Prince Preferred") entered into the Modification of Promissory Note.[5] Under the Modification of Promissory Note and the Modification and Assumption Agreement, Prince Preferred assumed the Loan and the obligation to pay the Loan.[6] On that same day, the above parties, Dhillon, Sunil Tolani ("Tolani"), and Neela Kewalramani ("Kewalramani") entered into a Modification and Assumption Agreement.[7]

Under the terms of the Modification and Assumption Agreement, Dhillon, Tolani, and Kewalramani ratified and confirmed the obligations to guarantee payment and performance of the Loan, and they each also executed a Reaffirmation of Guaranty on January 31, 2011.[8] Although each of the Guaranties stated that a demand of payment is not required upon a default, Citizens Bank made demands upon Prince Preferred and the Guarantors upon default of the Loan.[9]

---

[3] Id. at p. 9.

[4] "360/actual basis" is a day count convention for calculating interest accrued on U.S. Treasury bills and other money market instruments. It uses the actual number of days in a month and 360 days in a year for calculating interest payments.

[5] Id. at p. 5.

[6] Id.

[7] Id.

[8] Id. at p. 7.

[9] Id. at p. 9.

Prince Preferred failed to pay the monthly installment amount of $33,918.97 due on the Loan on July 1, 2013, August 1, 2013, and September 1, 2013.[10] The Prime Rate on August 31, 2013 was 3.25%, so the interest rate applicable on the Loan at the time of default was 5.25%.[11] The Guarantors also failed to make the above installation payments.

On December 4, 2013, Prince Preferred filed a voluntary petition for Chapter 11 bankruptcy, entitled In re Prince Preferred Hotels Shreveport, 2 L.L.C., in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.[12] This case was transferred to the United States Bankruptcy Court for the Western District of Louisiana, Shreveport Division.

The Loan is past due, owing and in default, in a principal amount of $2,943,787.28.[13] The Loan has late charges of $3,062.85, unpaid interest accrued through October 7, 2013 in the amount of $51,086.98, and a prepayment penalty applicable to the Loan in the amount of $29,437.87.

On Feburary 7, 2014, the present case was filed in this Court, seeking the collection of the amounts owed by the Guarantors under the Loan.[14] Tolani and Kewalramani were dismissed without prejudice from the suit by the Court on August 29, 2014.[15]

---

[10] Id. at p. 8.

[11] Id. at p. 9.

[12] Record Document 12-1, p. 9.

[13] Record Document 12-1, p. 10.

[14] Record Document 1.

[15] Record Document 25.

On August 28, 2012, Dhillon was served with a summons and a copy of the complaint by certified mail, and Citizens Bank provided the Court with a Proof of Service stating that she was personally served on June 8, 2014.[16] Dhillon has failed to appear in this matter to date. On May 16, 2014, Citizens Bank filed a Motion/Request for Entry of Default against Dhillon, and on May 20, 2014, the Clerk of Court filed an Entry of Default.[17]

On February 11, 2015, Magistrate Judge Hornsby issued a Memorandum Order directing Citizens Bank to file a motion for default judgment or be subject to dismissal for failure to prosecute.[18] On April 2, 2015, Citizens Bank filed the instant motion for default judgment. On that same day, a Notice of Motion Setting was issued by the Clerk of Court, which gave Dhillon notice of the motion for default judgment and allowed her twenty-one days to respond.[19] Dhillon has never responded.

II. **Law and Analysis**

  A. **Whether Default Judgment Is Appropriate**

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(b) states that:

---

[16] Record Documents 9 and 21.

[17] Record Documents 11 and 16.

[18] Record Document 28.

[19] Record Document 13.

> [a] party must apply to the court for a default judgment. ... If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative <u>must be served with written notice of the application</u> at least 7 days before the hearing. The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegations by evidence; or (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2)(emphasis added).

"Nevertheless, Rule 55(b)(2) 'gives the judge wide latitude in determining whether such a hearing will be beneficial.'" <u>Talen's Marine & Fuel, L.L.C. v. Global Sales Agency, Inc.</u>, No. 2:13-cv-920, 2013 WL 6075646, at *2 (W.D. La. 11/18/13)(citations omitted). "While a plaintiff is not entitled to a default judgment as a matter of right, the Court accepts the well-pleaded allegations of fact in the plaintiff's complaint in determining whether default judgment should be entered." <u>Boyd v. Dill</u>, No. 09-0021, 2011 WL 1304725, at *3 (W.D. La. 04/1/11)(<u>citing</u> <u>Nishimatsu Constr. Co. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975)).

As a preliminary matter, the Court must determine whether Rule 55(b)(2)'s notice requirement has been implicated in the present case. The Fifth Circuit Court of Appeals has found that whether a district court must give notice to a defendant of a default judgment depends on whether the defendant has "appeared in the action." <u>Rogers v. Hartford Life & Acc. Ins. Co.</u>, 167 F.3d 933, 936 (5th Cir. 1999); Fed. R. Civ. P. 55(b)(2). "[T]o qualify as an appearance in the action and trigger Rule 55(b)(2)'s notice requirements, the defendant's actions merely must give the plaintiff a clear indication that the defendant intends to pursue a defense and must 'be responsive to the plaintiff's formal court action.'"

Rogers, 167 F.3d at 937 (quoting Baez v. S.S. Kresge Co., 518 F.2d 349, 350 (5th Cir. 1975)). The Fifth Circuit has found that "mere acceptance of formal service of process cannot constitute an appearance for purposes of Rule 55(b)(2)" because "if we construed the phrase that broadly, then every defendant would become entitled to notice...." Id. The court stated that "we will not interpret the phrase 'appeared in the action' so broadly as to eviscerate the appearance requirement of Rule 55(b)(2)." Id.

Here, the record indicates that Dhillon accepted formal service of process on August 20, 2014.[20] Dhillon was served with Citizens Bank's complaint and failed to file an answer within the requisite time period. There is nothing else in the record to indicate that Dhillon ever "appeared in the action." As such, it is not necessary for the Court to ensure that Dhillon received notice of the potential default judgment. The Court finds that default judgment is proper.

### B. Whether There Is Sufficient Basis For Judgment In The Pleadings

Due to her default, Dhillon is deemed to have admitted the allegations set forth in Citizens Bank's complaint. Nonetheless, the Court must review the pleadings to determine whether Citizens Bank can establish a viable claim for relief. Nishimatsu Constr., 515 F.2d at 1206. Citizens Bank alleges that Dhillon is in violation of her Guaranty and is liable for the principal amount of the Loan and several other fees associated with the Loan.[21]

---

[20]Record Documents 21.

[21]Record Document 31. The Court notes that although Magistrate Judge Hornsby instructed Citizens Bank to include the legal bases for liability and damages in its motion for default judgment, Citizens Bank has failed to do so.

As this case is before the Court under diversity jurisdiction, it must apply Louisiana substantive law. See Bradley v. Allstate Ins. Co., 620 F.3d 509, 517 n.2 (5th Cir. 2010)(citing Erie R.R. v. Tompkins, 304 U.S. 64 (1938)). Additionally, the Guaranty states that it shall be governed by Louisiana law.[22] Under Louisiana law, a contract of guaranty and a contract of suretyship are equivalent, and the terms may be used interchangeably. DROR Intern., L.P. v. Thundervision, L.L.C., 11-215 (La. App. 5th Cir. 12/13/11); 81 So. 3d 182, 185.

Louisiana law defines suretyship as "an accessory contract by which a person binds himself to a creditor to fulfill the obligation of another upon the failure of the latter to do so." La. C.C. art. 3035. The nature of the surety's promise is to satisfy the entire obligation if the debtor fails to do so. Revision Comments (b), La. C.C. art. 3045. The nature of the surety's undertaking does not change simply because other sureties join in the same or multiple acts of suretyship for the same principal obligation. La. C.C. art. 3045; See Bank One v. SWC Corp., 36,043 (La. App. 2 Cir. 08/14/02); 823 So. 2d. 1060, 1062. Article 3045 of the Louisiana Civil Code obviates any implication of a joint obligation owed by multiple sureties to the creditor because each remains bound to the full performance, and the benefit of division is denied. SWC Corp., 823 So. 2d at 1062.

In SWC Corp., the court found that even though the guaranty agreement included the common law phrase "jointly and severally liable," this language did not alter the general rule provided by Article 3045, and each of the sureties in that case was obligated

---

[22] Record Document 31-11, ¶24.

for the full performance of the debtor's obligation. Id. at 1063. Additionally, the court found that because the sureties' obligations to the obligee are solidary in nature, the Civil Code articles on solidarity provide that "unless the obligation is extinguished," the obligee may pursue separate actions against the solidarity obligors. Id. (citing La. C.C. art. 1795). The court found that this principle allows for the possibility of separate judgments. Id. While performance rendered by one of the solidary obligors extinguishes the obligation and relieves the others of liability, it is the obligor's burden to prove that performance as an affirmative defense. Id. In SWC Corp., although the obligor had already obtained a judgment against one of the sureties, the court allowed it to obtain a judgment against the other surety because there was evidence in the record that the debt remained unpaid. Id. at 1064.

In the present case, Citizens Bank has provided a copy of the Guaranty signed by Dhillon, and it clearly sets forth Dhillon's suretyship obligation. The Guaranty requires that Dhillon pay amounts due under the Loan if the Obligor is unable or unwilling to do so.[23] Citizens Bank has presented evidence that the Loan is in default and Prince Preferred is in bankruptcy.[24] Citizens Bank made a demand upon Dhillon to pay the installments of the Loan that were in default. She has not complied with the demand. Considering the above, Citizens Bank has established a viable claim for relief under Louisiana suretyship laws.

---

[23] Record Documents 31-11 and 31-12.

[24] Record Document 12-1.

**C.    Amount Due**

"A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages." Ins. Co. of the W. v. H&G Contractors, Inc., No. 10-390, 2011 WL 4738197, at *4 (S.D. Tex. 10/05/11)(citing Jackson v. FIE Corp., 302 F.3d 515, 524-25 (5th Cir. 2002)).  The amount due must be proven by a hearing or a demonstration of detailed affidavits establishing the necessary facts. Id. If the amount due can be determined with mathematical calculations by reference to the pleadings and supporting documents, a hearing is unnecessary. Id.  The Court finds in the instant case that the evidence provided by Citizens Bank is sufficient to determine the amount due, and a hearing is unnecessary.

The Guaranty states that: "Guarantor further agrees to pay all expenses (including reasonable attorney's fees and legal expenses) paid or incurred by Lender in endeavoring to collect the [Loan], or any part thereof, and in enforcing or defending this Guaranty, whether or not a lawsuit is commenced."[25] The Reaffirmation of Guaranty signed by Dhillon on January 31, 2011 states that:[26]

> Guarantor affirms that the [Loan] shall in no manner affect the obligations of Guarantor under the Guaranty, and the obligations of Guarantor shall continue to mean and include all loans, advances, debts, liabilities and obligations, howsoever arising, owed by Existing Borrower and Assuming Borrower to the Lender of every kind and description ... direct or indirect, absolute or contingent, due or to become due, now existing or hereafter arising under the [Loan] ... including, without limitation, all interest, fees, charges, expenses, attorney's fees and accountants' fees chargeable to

---

[25] Record Document 12-1, p. 6.

[26] Record Document 31-12.

>Existing Borrower and Assuming Borrower or payable to Existing Borrower and Assuming Borrower thereunder.

Citizens Bank has provided evidence that the principal balance on the Loan at the time of the commencement of this action was $2,943,787.28.[27] There are late charges on the Loan in the amount of $3,062.85.[28] The unpaid interest on the Loan, accrued through October 7, 2013, is $51,086.98.[29] Citizens also seeks the 5.25% interest it is owed per annum on the remaining balance of the loan until the principal balance is repaid in full. After Prince Preferred filed Chapter 11 bankruptcy, a bankruptcy plan was confirmed, which provides payments on the Loan to Citizens Bank.[30] The payments which have been made total $206,047.47, and that amount shall be subtracted from the total amount due to Citizens Bank. Considering the above, the total amount sought by Citizens Bank is $2,791,889.64, plus the continually accruing interest on the principal balance of the loan at a rate of 5.25% per year.

The Court finds that Citizens Bank has provided sufficient evidence of the amount owed under the Guaranty and the Reaffirmation of Guaranty, and as Dhillon has been found to be in breach of the Guaranty and the Reaffirmation of Guaranty, the Court awards Citizens Bank the amount of $2,791,889.64, plus interest at an annual percentage rate of 5.25% on the remaining balance of the Loan until paid in full.

---

[27] Record Document 12-1, p. 10.

[28] Id.

[29] Id.

[30] Id.

### D. Attorney's Fees and Costs

In addition to the amount sought above, Citizens Bank seeks to recover attorney's fees and costs under the Guaranty.[31] As Citizens Bank's entitlement to attorney's fees arises out of a breach of the Louisiana Civil Code, Louisiana law determines the amount to which Citizens Bank is entitled to recover. Under Louisiana law, courts are empowered to inquire into the reasonableness of attorney's fees as part of their inherent authority to regulate the practice of law. Smith v. State, Dept. of Transp. & Dev., 899 So. 2d 516, 527 (La. 2005). State courts, including Louisiana, generally utilize Rule 1.5 of the Rules of Professional Conduct when inquiring into the reasonableness of attorney fees. Chevron U.S.A., Inc. v. Aker Maritime, Inc., 389 F.3d 497, 505 (5th Cir. 2012)("In Louisiana, the amount of an attorney's-fee award is governed by Rule 1.5 of the Rules of Professional Conduct.")(citation omitted).

Rule 1.5 provides, in part:

> a) a lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:
> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;

---

[31] Record Document 31, p. 10.

 (4) the amount involved and the results obtained;

 (5) the time limitations imposed by the client or the circumstances;

 (6) the nature and length of the professional relationship with the client;

 (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

 (8) whether the fee is fixed or contingent.

In its motion for default judgment, Citizens Bank simply provides the Court with a list of dates and corresponding amounts of money that it states it paid in attorney's fees and costs in this action. However, Citizens Bank has not provided the Court with any evidence establishing the basis for the attorney's fees and costs it claims to be owed.

The Court therefore reserves Citizens Bank's right to petition for costs and attorney's fees but orders Citizens Bank to submit sufficient evidence demonstrating its entitlement to costs and fees, as well as the amounts thereof, by **September 30, 2015.** If Citizens Bank fails to support its claim by that date, the request for costs and attorney's fees will be denied, judgment will be entered as specified above, and the Clerk's Office will be directed to close this case.

### III. Conclusion

For the forgoing reasons, **IT IS ORDERED** that Plaintiff's Motion For Default Judgement is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff is hereby awarded the amount of $2,791,889.64, plus interest at an annual percentage rate of 5.25% on the remaining balance of the Loan until paid in full.

**IT IS FURTHER ORDERED** that Plaintiff has until **September 30, 2015** to submit sufficient evidence demonstrating its entitlement to costs and fees, as well as the amounts thereof, under Rule 1.5 of the Rules of Professional Conduct.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 11th day of September, 2015.

_____
Elizabeth Erny Foote
United States District Judge